IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JOY TIBBOTT, | ) | Case No. 3:16-cv-5 |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| NORTHERN CAMBRIA SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

I. Introduction

Pending before the Court is Plaintiff Joy Tibbott's ("Tibbott") Motion for Leave to File Second Amended Complaint (ECF No. 56). Defendant Northern Cambria School District ("NCSD") opposes the Motion. The Motion has been fully briefed (*see* ECF Nos. 57, 59) and is ripe for disposition. For the reasons that follow, the Court will **GRANT** Tibbott's Motion.

II. Background[1]

Tibbott was formerly the Director of Education at Northern Cambria High School. (ECF No. 51 ¶ 14.) As the Director of Education, Tibbott was charged with ensuring that NCSD conformed to special education standards. (*Id.* ¶ 17.) After Tibbott informed NCSD that it was not complying with those standards (*id.* ¶¶ 19-31), the NCSD School Board (the "Board") voted to "realign" NCSD's administration, such that Tibbott's position was eliminated (*id.* ¶¶ 37-52). NCSD then failed to place Tibbott in any other open position, including positions for which she

---

[1] The factual allegations in this Section come from Tibbott's Amended Complaint unless noted otherwise. (*See* ECF No. 51.)

applied and was qualified. Tibbott was thus furloughed from NCSD in June 2014. (*Id.* ¶¶ 57-70.)

Tibbott filed a Charge with the EEOC in September 2014, alleging sex and age discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act (the "ADEA"), respectively. (*Id.* ¶¶ 75-76.) In the Charge, Tibbott also alleged that NCSD retaliated against her for reporting NCSD's noncompliance with special education standards, in violation of the Americans with Disabilities Act (the "ADA"). (*Id.* ¶ 77.) Shortly after Tibbott filed her Charge, NCSD hired her as a teacher with a lower salary and less seniority. (*Id.* ¶¶ 78-82.)

Tibbott initiated this action on January 6, 2016, alleging that the decision to furlough her and the refusal to place her in the positions for which she applied constituted retaliation under Section 504 of the Rehabilitation Act of 1973 ("Section 504"), Title VII, the ADA, and the ADEA. (*See* ECF No. 1.) NCSD filed its Answer on January 26, 2016. (*See* ECF No. 5.) Shortly thereafter, the Court entered an Initial Scheduling Order (ECF No. 12) that gave the parties until April 7, 2016 to amend the pleadings and join new parties. (*Id.* at ¶ 1.)

On February 3, 2017, Tibbott filed a Motion for Leave to File Amended Complaint (ECF No. 26) in which she sought leave to bring a Fourteenth Amendment procedural due process claim against NCSD and NCSD Board member Kevin Krug ("Krug"), whom Tibbott wished to add as an additional defendant (*id.* ¶ 29). In a Memorandum Opinion and Order dated August 1, 2018 (ECF No. 50), this Court granted in part and denied in part Tibbott's Motion. Specifically, the Court allowed Tibbott to assert a procedural due process claim against NCSD, but denied Tibbott's Motion to the extent she wished to assert a claim against Krug. (*Id.* at 1.) Tibbott filed her Amended Complaint on August 22, 2018. (ECF No. 51.)

NCSD filed its Answer and Affirmative Defenses (ECF No. 52) on September 11, 2018. Then, the parties filed a Joint Motion to Stay Proceedings and Amend Scheduling Order (ECF No. 54) on October 31, 2018. In this Joint Motion, the parties indicated that Tibbott would be filing a Motion for Leave to File Second Amended Complaint. (*Id.* ¶ 9.) The parties requested that this Court stay these proceedings until the Court makes a decision on the Motion for Leave. (*Id.* ¶ 11.) Further, the parties asked the Court to give them an additional 120 days to complete fact discovery after the Court issues an order on the Motion for Leave. (*Id.* ¶ 12.) The Court granted the Joint Motion. (ECF No. 55.) Tibbott then filed the present Motion for Leave to File Second Amended Complaint (ECF No. 56) and a corresponding Brief in Support (ECF No. 57) on November 7, 2018.

In the Motion, Tibbott indicates that she wishes to amend her Amended Complaint to include allegations of recent retaliation by NCSD. (ECF No. 56 ¶ 8.) Specifically, Tibbott alleges that in May 2018, NCSD began accepting applications for an elementary/middle school principal position. (*Id.* ¶ 13.) Tibbott applied and was interviewed for the position. (*Id.* ¶¶ 14-15.) However, at a Board meeting on August 7, 2018, the Board voted against hiring Tibbott. (*Id.* ¶ 17.) The Board reopened the position for application on October 8, 2018. (*Id.* ¶ 29.) Tibbott alleges that NCSD's decision not to hire her as the elementary/middle school principal was done in retaliation for her filing of her Section 504 retaliation claim. (*Id.* ¶ 22.)

Tibbott argues that the Court should grant her leave to file her Second Amended Complaint, as (1) she seeks to add a cognizable retaliation claim; (2) she has good cause to amend her Second Amended Complaint because the facts underlying the amendment did not occur until August 2018; (3) the new claim is inextricably related to the Section 504 claim already included in

- 3 -

the Amended Complaint; (4) minimal additional discovery will be necessary due to the amendment and discovery can be completed in the time frame already set for discovery; and (5) NCSD will not suffer prejudice as a result of the amendment. (*See generally* ECF No. 57.)

In response, NCSD argues that Tibbott failed to demonstrate good cause for the three-month delay between NCSD's refusal to hire Tibbott and the filing of the present Motion. (ECF No. 59 ¶¶ 30-33.) Further, NCSD contends generally that the addition of the new retaliation claim will "necessitate numerous additional depositions and further written discovery" which "will come at a great cost to the Parties, severely impede the efficient and timely conduct of the pending litigation, and add further burden to the litigants and to this Honorable Court." (*Id.* ¶¶ 38-39.) Finally, NCSD asserts that this case "is in desperate need of some semblance of finality, which will never be achieved should Plaintiff be permitted to routinely amend her Complaint to assert new claims against Defendant every time she construes a legitimate employment action (or inaction) to be retaliatory in nature." (*Id.* ¶ 44.)

### III. Legal Standard

Federal Rule of Civil Procedure 15 governs amendments to pleadings. *See* Fed. R. Civ. P. 15. However, as this Court recently stated, "when a party seeks leave to amend the pleadings after the deadline set by a court's scheduling order, that party must first satisfy Rule 16(b)(4)'s requirements for modifying a scheduling order." *Hadeed v. Advanced Vascular Res. of Johnstown, LLC*, No. 3:15-CV-22, 2017 WL 4286343, at *2 (W.D. Pa. Sept. 26, 2017) (Gibson, J.). Accordingly, the Court will begin by analyzing Tibbott's Motion under Rule 16.

## IV. Discussion

### A. Rule 16 Analysis

Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16. As this Court recently noted, "[i]n the Rule 16(b)(4) context, 'good cause' looks to the diligence of the party seeking modification of the scheduling order." *Hadeed*, 2017 WL 4286343, at *2. "The moving party has the burden to demonstrate 'good cause' under Rule 16(b)(4) before a court will consider amending under Rule 15." *Hadeed*, 2017 WL 4286343, at *2.

The Court finds that Tibbott demonstrated good cause for her failure to comply with the Court's Initial Scheduling Order (ECF No. 12) and the April 7, 2016 deadline it imposed for amending the pleadings and joining new parties. The events underlying her new retaliation claim did not occur until August 2018. Furthermore, Tibbott acted relatively diligently once the events occurred—she joined with NCSD to file a Joint Motion to Stay Proceedings and Amend Scheduling Order (ECF No. 54) less than three months later on October 30, 2018. This Joint Motion gave NCSD notice that Tibbott would soon be filing her Motion for Leave to File Second Amended Complaint. (*Id.* ¶ 9). Tibbott then promptly filed the Motion for Leave after this Court granted the Joint Motion. (*See* ECF Nos. 55, 56.)

This Court recognizes that the nearly three-month delay between the events underlying the new retaliation claim and the filing of the Joint Motion is not ideal. Moreover, Tibbott's explanation that it was not clear until October 8, 2018 that she would not be hired as the elementary/middle school principal (ECF No. 57 at 7) is not persuasive in light of Tibbott's allegation that the Board voted against hiring her as the principal on August 7, 2018 (ECF No. 56

¶ 17). However, because a three-month delay is not unreasonable considering the time necessary to gather factual information and draft the Second Amended Complaint, the Court finds that Tibbott has met her initial burden of showing "good cause" for amending the Court's previous scheduling order. Fed. R. Civ. P. 16(b)(4).

B.   Rule 15 Analysis

"Federal Rule of Civil Procedure 15 embodies a liberal approach to pleading." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006) (citing *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004)). Pursuant to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15. Rule 15 advises that "[t]he court should freely give leave when justice so requires." *Id*. Accordingly, "the District Court's discretion, circumscribed by Rule 15's directive in favor of amendment, must be exercised within the context of liberal pleading rules." *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017) (internal citations and quotation marks omitted).

However, as this Court recently stated, "denial of a motion to amend may be appropriate if the party's delay in moving to amend 'is undue, motivated by bad faith, or prejudicial to the opposing party.'" *Hadeed*, 2017 WL 4286343, at *2 (quoting *Langbord v. U.S. Dep't of Treasury*, 832 F.3d 170, 188 (3d Cir. 2016)).[2] Further, amendment is unwarranted when it would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).[3]

---

[2] "While the undue delay and bad faith factors focus on the movant's motives for not seeking leave to amend earlier, the prejudice factor focuses on the effects allowing amendment would have on the non-movant." *Hadeed*, 2017 WL 4286343, at *2 (citing *Langbord*, 832 F.3d at 188).

[3] "In determining whether a claim would be futile, 'the district court applies the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6).'" *Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 243 (3d Cir. 2010) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

Here, NCSD has not argued that Tibbott's delay in filing the present Motion was due to bad faith, nor has NCSD claimed that Tibbott's amendment would be futile. Thus, the Court will not address these issues and will instead focus on undue delay and prejudice.

The Court finds that justice requires the Court to grant Tibbott leave to amend. First, Tibbott did not unduly delay in the filing of the present Motion. Delay becomes undue "when the movant had previous opportunities to amend but failed to do so, amends by 'repleading facts that could have been pled earlier,' or delays until after judgment has been granted to the non-movant." *Hadeed*, 2017 WL 4286343, at *3. None of these circumstances is present in this case, as Tibbott could not have alleged the facts underlying her new retaliation claim until they occurred in August 2018. Further, dispositive motions have not yet been filed and judgment has not been granted to NCSD. *See id.* at *5 (denying a motion for leave to amend because the defendants filed the motion on the day motions for summary judgment were due).

The Court also finds that the amendment will not prejudice NCSD. Tibbott asserts that the old and new retaliation claims involve the same witnesses, meaning that no additional witnesses will need deposed with regard to the new retaliation claim. (ECF No. 57 at 8.) NCSD does not deny this assertion. Further, Tibbott explains that to the extent the amendment necessitates additional discovery, any additional discovery can be conducted in the remaining 120 days of discovery. (*Id.*) This case is thus distinguishable from other cases in which this Court has denied motions for leave to amend because discovery would need to be reopened. *See, e.g., Hadeed*, 2017 WL 4286343, at *5. Moreover, the Court finds that permitting the amendment will be more efficient than requiring Tibbott to file a separate lawsuit against NCSD in order to assert her new retaliation claim.

NCSD does not specifically deny any of Tibbott's assertions with regard to prejudice. Instead, NCSD argues that allowing the amendment will "necessitate numerous additional depositions and further written discovery" which will "come at a great cost to the Parties" and "undoubtedly delay the proceedings." (ECF No. 59 at 7.) Because NCSD does not elaborate on these general claims or provide specific examples of prejudice, NCSD has not met its burden of establishing prejudice. *See Hadeed*, 2017 WL 4286343, at \*4 (explaining that the non-moving party bears the burden of establishing prejudice).

The Court acknowledges NCSD's desire for "some semblance of finality" in this lawsuit. (ECF No. 59 ¶ 44.) NCSD's concern with Tibbott repeatedly amending her claims is valid— Tibbott cannot be allowed to amend her complaint and extend discovery in perpetuity. Therefore, the Court will consider any future requests to amend by Tibbott with caution. Further, because Tibbott asserted that the additional discovery required by the amendment at issue here can be conducted within the remaining 120 days of discovery, the Court will view the 120-day fact discovery deadline as definitive as to Tibbott, unless Tibbott provides a persuasive reason to further extend discovery or NCSD joins in Tibbott's motion to extend discovery.

V. **Conclusion**

The Court finds that Tibbott demonstrated "good cause" under Rule 16 for failing to assert her new retaliation claim before the deadline to amend the pleadings and add new parties. The Court further finds that Rule 15's liberal amendment standard supports Tibbott's request for leave to amend. Thus, Tibbott's Motion for Leave to File Second Amendment Complaint (ECF No. 56) will be **GRANTED**. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOY TIBBOTT, | ) | Case No. 3:16-cv-5 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| NORTHERN CAMBRIA SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this **3rd** day of **December**, 2018, upon consideration of Tibbott's Motion for Leave to File Second Amended Complaint (ECF No. 56) and for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** that Tibbott's Motion is **GRANTED**. The Court **FURTHER ORDERS** that the stay in this case is **LIFTED**.

Fact discovery will end **120 days** from the date of this Order. (*See* ECF No. 55.) The Post-Discovery Status Conference scheduled for December 6, 2018 at 2:00 p.m. is **CANCELED** and **RESCHEDULED** for **April 3, 2019 at 2:30 p.m.**

BY THE COURT:

Kim R. Gibson
United States District Judge